IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 14, 2026 Session

## HANNAH LOUISE RUSSELL v. TYLER PATRICK RUSSELL

**Appeal from the Circuit Court for Shelby County**
**No. CT-0381-23     Carol J. Chumney, Judge**

_____

### No. W2024-01135-COA-R3-CV

_____

This appeal arises from a divorce case following a marriage of short duration. Husband appeals the trial court's award of transitional alimony and attorney's fees as alimony *in solido* to Wife. We affirm the award of transitional alimony, vacate the award of attorney's fees, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; and Remanded**

VALERIE L. SMITH, J., delivered the opinion of the court, in which CARMA DENNIS MCGEE, J. and ROY B. MORGAN, JR., SR.J., joined.

Laurie W. Hall, Memphis, Tennessee, for the appellant, Tyler Patrick Russell.

Donald Capparella and Jacob A. Vanzin, Nashville, Tennessee, for the appellee, Hannah Louise Russell.

## MEMORANDUM OPINION[1]

## I. BACKGROUND

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tyler Patrick Russell and Hannah Louise Russell were married on September 12, 2020. It was both parties' first marriage, and no children were born of the marriage. Mr. Russell is employed as a full-time clinical research assistant at St. Jude Children's Research Hospital and Ms. Russell is a registered nurse at Methodist Hospital. On December 22, 2022, Mr. Russell left the marital residence to obtain treatment for an undisclosed condition and further communication between the parties essentially ceased.[2] On February 6, 2023, the parties filed separate complaints for divorce on the grounds of irreconcilable differences and inappropriate marital conduct. In their complaints, Mr. Russell and Ms. Russell prayed for an equitable division of property, alimony, and attorney's fees.

The Circuit Court for Shelby County ("the trial court") consolidated the matter by consent order entered February 17, 2023, and Mr. Russell's complaint was designated as a counter-complaint. Acrimonious divorce proceedings ensued, including a petition for contempt filed by Mr. Russell, disputes about Ms. Russell's access to health insurance coverage information from Mr. Russell's employer, and disputes regarding the sale of the marital residence. The trial court heard the matter over five days in December 2023 and January, February, and March 2024. The trial court entered findings of facts and conclusions of law by order entered May 22, 2024. By final order entered July 23, 2024, the trial court incorporated its May findings of fact and conclusions of law and awarded Ms. Russell a divorce on the ground of inappropriate martial conduct. After classifying and dividing the parties' property, the trial court awarded Ms. Russell transitional alimony in the amount of $1,000 per month for 12 months.[3] The trial court also awarded Ms. Russell attorney's fees in the amount of $75,000 as alimony *in solido*.[4] On July 30, Mr. Russell filed a timely notice of appeal. On August 9, 2024, Mr. Russell filed a motion to stay the judgment with respect to alimony and the award of attorney's fees pursuant to Rule 62 of the Tennessee Rules of Civil Procedure. Following a hearing on September 27, the trial court denied Mr. Russell's motion by order entered October 18, 2024.

## II. ISSUES PRESENTED

Mr. Russell raises the following issues for review, which we have reordered:

1. Whether the trial court erred in awarding Ms. Russell transitional alimony.

---

[2] According to Mr. Russell, the parties spoke twice – on Christmas Day and New Year's Eve.

[3] We observe that Ms. Russell requested transitional alimony in the amount of $1,500.00 per month for twelve months.

[4] In her proposed findings of fact and conclusions of law, Ms. Russell requested attorney's fees in the amount of $177,002.30.

2. Whether the trial court erred in awarding Ms. Russell attorney's fees in the amount of $75,000.00.

3. Whether Mr. Russell should be awarded attorney fees and litigation expenses on appeal.

Ms. Russell also requests attorney's fees on appeal.

## III. STANDARD OF REVIEW

In a non-jury case, we review the trial court's findings of fact *de novo* upon the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 512 (Tenn. 2012). The evidence preponderates against the trial court's findings of fact when it supports another finding "with greater convincing effect." *Hardeman Cnty. v. McIntyre*, 420 S.W.3d 742, 749 (Tenn. Ct. App. 2013) (citation omitted). Therefore, the trial court's factual findings must contain sufficient underlying facts that clearly disclose the basis of the court's determinations. *Lovelace v. Coley*, 418 S.W.3d 1, 34 (Tenn. 2013) (citations omitted). Appellate review of a trial court's conclusions of law is *de novo* with no presumption of correctness. *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014).

## IV. ANALYSIS

### A. Alimony

We turn first to the trial court's award of transitional alimony in the amount of $1,000.00 per month for 12 months to Ms. Russell.[5] In his brief, Mr. Russell argues that the trial court erred awarding Ms. Russell transitional alimony because the court "unduly weighed" the "discretionary factor" of fault. Mr. Russell asserted that the trial court improperly "appl[ied] fault punitively" after determining he was the "guilty" party and argued that the trial court failed to determine that he "had the ability to pay as required by law."

It is well-settled that "[t]he appropriateness of an award of alimony is dependent on the facts and circumstances of each case." *Ellis v. Ellis*, 621 S.W.3d 700, 705 (Tenn. Ct.

---

[5] The court ordered: "Such alimony shall be modified only if the parties agree, the court orders otherwise, or if Wife resides with a paramour or marries following the divorce during its duration."

App. 2019). Accordingly, the "trial courts have broad discretion when determining whether alimony is needed and, if so, the amount, duration, and nature of the award." *Id.* "The role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006), *adhered to on reh'g* (Tenn. Jan. 17, 2007) (citation omitted).

Tennessee Code Annotated section 36-5-121 sets forth the following non-exclusive factors for consideration by the trial court when determining whether an award of alimony is appropriate:

> (1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
>
> (2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;
>
> (3) The duration of the marriage;
>
> (4) The age and mental condition of each party;
>
> (5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
>
> (6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;
>
> (7) The separate assets of each party, both real and personal, tangible and intangible;
>
> (8) The provisions made with regard to the marital property, as defined in § 36-4-121;
>
> (9) The standard of living of the parties established during the marriage;
>
> (10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-121(i). While the need of the disadvantaged spouse and the obligor spouses' ability to pay are the most important factors, "the threshold consideration" is the disadvantaged spouse's need. *Ellis*, 621 S.W.3d at 706 (quoting *Riggs v. Riggs*, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007)). Under Tennessee Code Annotated section 36-5-121(d)(4), an award of transitional alimony "is appropriate when a court finds that rehabilitation is not required but that the economically disadvantaged spouse needs financial assistance in adjusting to the economic consequences of the divorce." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 109 (Tenn. 2011) (citations omitted).

In this case, the trial court made detailed findings with respect to the statutory factors in its alimony ruling. The trial court found that the parties' marriage was rocky from the start and that Mr. Russell withheld affection and "engaged in controlling behavior causing emotional abuse to [Ms. Russell]." The court determined that Mr. Russell abandoned the marriage, cut off communication, and engaged in behavior making "continued cohabitation unacceptable."

The trial court found Ms. Russell's W-2's showed that she earned $55,727.74 in 2020; 57,093.24 in 2021; and $38,733.55 in 2022. The court also found that Mr. Russell's 2022 W-2 showed that he earned $43,101.50 that year. The court found that the parties were living with their respective parents and not paying for household expenses and that "while in the past both parties had a comparable earning capacity" Ms. Russell's current earning capacity was reduced due to "her mental health challenges." The court found that Mr. Russell's current gross earning capacity was approximately $2,000.00 per month greater than Ms. Russell's; Ms. Russell was on leave from work due to her mental health treatments; and Ms. Russell "works reduced hours due to therapy and other medical care." The court also found that Ms. Russell was an hourly employee and that her monthly income was variable. However, the trial court also found that "there is no indication that [Ms. Russell] will be unable to remain a licensed nurse upon completion of her mental health treatment or return to work." The trial court also found that Ms. Russell testified that she did not have mental health issues prior to the marriage and that Mr. Russell "did not provide proof to the [c]ourt to negate" her testimony. Contrary to Mr. Russell's argument in his brief, the trial court specifically determined: "[Mr. Russell] has a higher monthly income and ability to pay support."

The trial court determined that factors related to the parties' separate property, the division of the marital estate, and the standard of living during the marriage were not

- 5 -

applicable with respect to an award of alimony. After reviewing the parties' testimony at trial, the trial court specifically found Ms. Russell to be more credible with respect to Mr. Russell's inappropriate marital conduct and further found that Mr. Russell's behavior "led to psychological decline in [Ms. Russell] which was aggravated by her work as a nurse during the serious COVID-10 pandemic." The trial court also found that Ms. Russell's medical issues and expenses are "ongoing" and that she "again took leave from work to pursue intensive out-patient treatment."

At the time of trial, Mr. Russell was 30 years of age and Ms. Russell was 28. The court found that the parties each have the capacity to increase their income and acquire capital, but Ms. Russell would first need to overcome her mental health challenges. The court also found that Mr. Russell's net monthly income is $4,432.77 and determined: "At the present, [Mr. Russell] has a higher monthly income and ability to pay support. [His] gross earning capacity is approximately $2,000 more than [Ms. Russell's]."

Upon review of the record, we determine that the trial court's award of transitional alimony to Ms. Russell in the amount of $1,000.00 per month for 12 months in not "clearly unreasonable" in this case. Finding no abuse of discretion, we affirm the award of transitional alimony.

B. Attorney's Fees

We next turn to whether the trial court erred in awarding Ms. Russell a portion of her attorney's fees in the amount of $75,000 as alimony *in solido*. In Tennessee, "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). Tennessee Code Annotated section 36-5-121 provides:

> Alimony in solido may be awarded for attorney fees and expenses incurred in connection with the proceedings through the date of the final hearing and any proceedings brought pursuant to Rule 59 of the Tennessee Rules of Civil Procedure. When determining whether attorney fees and expenses should be awarded as alimony in solido, the court shall consider the following:
>
> (i) The factors enumerated in subsection (i)[6];
>
> (ii) The total amount of attorney fees and expenses incurred and the total amount of attorney fees and expenses paid by each party in connection with the proceedings;

---

[6] Factors 1-12 are listed above in the discussion of transitional alimony.

(iii) Whether the attorney fees and expenses requested are reasonable under the factors set forth in Rule 1.5 of the Tennessee Rules of Professional Conduct; and

(iv) Whether the attorney fees and expenses were necessary.

Tenn. Code Ann. § 36-5-121(h)(1)(B) (footnote omitted). Thus,

[a]s with any alimony award, in deciding whether to award attorney's fees as alimony *in solido,* the trial court should consider the factors enumerated in Tennessee Code Annotated section 36-5-121(i). A spouse with adequate property and income is not entitled to an award of alimony to pay attorney's fees and expenses. Such awards are appropriate only when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses or the spouse would be required to deplete his or her resources in order to pay them. Thus, where the spouse seeking such an award has demonstrated that he or she is financially unable to procure counsel, and where the other spouse has the ability to pay, the court may properly grant an award of attorney's fees as alimony.

*Gonsewski v. Gonsewski*, 350 S.W.3d 99, 113 (Tenn. 2011). Trial courts have broad discretion when fashioning an alimony award. Therefore, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes." *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998) (citation omitted).

Notwithstanding this deferential standard of review, "[a] trial court evaluating the reasonableness of an award of attorney's fees must consider the factors provided in Tennessee Supreme Court Rule 8, RPC 1.5 ("RPC 1.5"). *Ellis v. Ellis*, 621 S.W.3d 700, 708 (Tenn. Ct. App. 2019).

RPC 1.5 provides, in relevant part:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5(a). "[U]ltimately the reasonableness of the fee must depend upon the particular circumstances of the individual case." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 177 (Tenn. 2011) (quoting *White v. McBride,* 937 S.W.2d 796, 800 (Tenn.1996) (citing *Hail v. Nashville Trust Co.,* 31 Tenn. App. 39, 212 S.W.2d 51 (1948))).

As noted above, the trial court thoroughly analyzed the factors set forth in Tennessee Code Annotated section 36-5-121(i) with respect to its award of transitional alimony. With respect to its award of attorney's fees as alimony *in solido*, the trial court found:

> In this case, [Ms. Russell] is the prevailing party, and cannot pay her attorney's fees without depleting her assets. She has already relied upon her parents to assist with the legal fees. Also, the amount of attorney fees charged to Wife by her attorneys were in part due to the litigious conduct of Husband with regard to his criminal contempt petitions subsequently dropped. Husband certainly had a right to fight his cause with zeal to the extent necessary to attempt to prevail. However, the dissipation of assets could have been dealt with without the need of the petitions (as has been done in this ruling).

The trial court concluded:

> Based upon the foregoing and the analysis of the factors set forth in the alimony ruling herein, the criteria set forth in Tenn, Code ann. 36-4-121 (c)(13), and the factors set forth in Rule 1.5 of the Tennessee Rules of Professional Conduct, the Court orders the Husband to pay Wife the sum of Seventy-Five Thousand Dollars in her attorneys' fees.

Additionally, the trial court found that, according to their affidavits, as of March 6, 2024, Ms. Russell incurred attorney's fees of more than $200,000, and Mr. Russell incurred attorney's fees of more than $66,000. The trial court noted that Mr. Russell argued that Ms. Russell's attorney's fees were excessive, but the court did not make specific findings with respect to the reasonableness or necessity of Ms. Russell's attorney's fees under RPC 1.5. On the contrary, the trial court stated:

> This is an unfortunate situation, with competent legal counsel on both sides, where the parties could not resolve their differences without incurring more legal fees than the estate was worth. It appears that one or both of the parties benefited by the assistance of their parents in funding the litigation. Perhaps the desire to prevail by the parties overcame their common sense in terms of what they could afford in terms of the litigation. As the parties each obviously want to maintain their respected professional reputations, the Court finds that this may also have been a factor spurring them each on to incur their large legal fees for that purpose as well.

This Court has repeatedly emphasized the importance of adequate findings in the context of an award of attorney's fees as alimony *in solido*. *Greene v. Greene*, No. M2022-01171-COA-R3-CV, 2023 WL 6619209, at *5 (Tenn. Ct. App. Oct. 11, 2023) (quoting *Lucy v. Lucy*, No. W2020-01275-COA-R3-CV, 2021 WL 2579763, at *4 (Tenn. Ct. App. June 23, 2021)). Further, as noted above, a trial court's factual findings must contain sufficient underlying facts that clearly disclose the basis of the court's determinations. *Lovelace*, 418 S.W.3d at 34. When the trial court does not make adequate findings with respect to the ability to pay and the reasonableness of attorney's fees, we generally will vacate the award and remand the case for reconsideration. *Id*.; *see also Bailey v. Bailey*, No. M2022-01467-COA-R3-CV, 2025 WL 1517411, at *13 (Tenn. Ct. App. May 28, 2025) (discussing circumstances under which it is appropriate for this Court to "soldier on" despite the trial court's lack of sufficient findings).

In this case, the trial court concluded that neither the parties' separate property nor the division of the marital estate was a factor for the purpose of fashioning an alimony award.[7] Indeed, as the trial court noted, the parties' attorney's fees exceed the value of their property. Further, the court noted that "although [Mr. Russell's] fees are approximately one third of those of [Ms. Russell], even [Mr. Russell's] own attorney fees are much higher than they should be for a divorce such as this." Additionally, the trial court made no findings with respect to Mr. Russell's ability to pay $75,000.00 of Ms.

---

[7] In her brief, Wife asserts that the trial court's division of the marital estate resulted in an award to her of assets totaling $72,199.52 – not including tangible personal property – and an award to Mr. Russell of assets totaling $51,238.52.

Russell's attorney's fees in addition to his own fees of more than $66,000.00 and his transitional alimony obligation. Moreover, as Mr. Russell asserts, although it referenced RPC 1.5, the trial court made no findings with respect to the reasonableness or necessity of Ms. Russell's considerable attorney's fees. Additionally, as Ms. Russell's counsel acknowledged at oral argument, the affidavit of fees submitted to the trial court includes only a list of the number of particular hours and fees attributed to trial counsel and staff; it does not include an accounting of fees that would permit the court to meaningfully review the necessity, purpose, or activity for which the hours were billed. Accordingly, we vacate the trial court's award of attorney's fees in this case and remand for findings under RPC 1.5 and Tennessee Code Annotated section 36-5-121(i).

## C. Attorney's Fees on Appeal

Both parties request attorney's fees on appeal. An award of attorney's fees on appeal is within the sole discretion of this Court. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). When determining whether such an award is appropriate, "we consider the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that should be considered." *Ellis* 621 S.W.3d at 709. In light of the foregoing and upon the exercise of our discretion, we decline both parties' requests for attorney's fees on appeal in this case.

## V. CONCLUSION

For the foregoing reasons, we affirm the trial court's award of transitional alimony to Ms. Russell and vacate its award of attorney's fees as alimony *in solido*. The parties' requests for attorney's fees on appeal are denied. The case is remanded to the trial court for further findings and proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed one-half to the appellee, Hannah Louise Russell, and one half to the appellant, Tyler Patrick Russell, for which execution may issue if necessary.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE

- 10 -